**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

OMAR QAZI,
*Defendant-Appellant.*

No. 18-10483

D.C. No.
2:15-cr-00014-
APG-VCF-1

OPINION

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted May 11, 2020*
Pasadena, California

Filed September 17, 2020

Before: Kim McLane Wardlaw, Deborah L. Cook,** and
Danielle J. Hunsaker, Circuit Judges.

Opinion by Judge Hunsaker

---

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Deborah L. Cook, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

**SUMMARY**[***]

**Criminal Law**

The panel reversed a conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and remanded with instructions to dismiss the indictment, in a case in which the pro-se defendant moved before trial to dismiss the indictment for failure to state an offense.

While the defendant's appeal was pending, the Supreme Court held in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), that a defendant's knowledge of his felony status is a required element under Section 922(g). The defendant's indictment did not contain this element. Under *United States v. Du Bo*, 186 F.3d 1177 (9th Cir. 1999), an indictment missing an essential element challenged before trial must be dismissed regardless of whether the omission prejudiced the defendant.

Liberally construing the defendant's pro-se objection to the indictment, the panel held that because the defendant identified the specific legal theory for why his indictment was deficient—that it was missing a required element—he did enough to trigger *Du Bo*'s automatic-dismissal rule.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Michael Tanaka, Los Angeles, California, for Defendant-Appellant.

Nicholas A. Trutanich, United States Attorney; Elizabeth O. White, Appellate Chief; Adam Flake, Assistant United States Attorney; United States Attorney's Office, Las Vegas, Nevada; for Plaintiff-Appellee.

## OPINION

HUNSAKER, Circuit Judge:

In this circuit an indictment missing an essential element that is properly challenged before trial *must* be dismissed. *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999). There is no dispute that pro se defendant Omar Qazi's indictment was missing a required element. The question is whether Qazi properly challenged his indictment pre-trial, thereby triggering the *Du Bo* rule. Following our well-established obligation to construe pro se filings liberally, we hold that Qazi did properly challenge his indictment, and we direct the district court to dismiss his indictment, as we must.

## I. Background

Qazi was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Well before his trial, Qazi filed a "Motion to Dismiss Indictment for Failure to State Offense" in the district court, stating "[t]he Defendant . . . moves . . . to dismiss the Indictment with prejudice, for failure to allege all the elements of a Federal Crime." It continued: "This motion is based on the following Memorandum of Points and Authorities, the Indictment, and

any other evidence or oral argument the Court may entertain." Qazi did not clearly identify which elements he believed were missing. Instead, he quoted various precedents from this court with little analysis beyond labeling the indictment "vaguely worded" and "deficient" for failing to include an "essential element."

The government opposed Qazi's motion, arguing that "the indictment tracks the language of 18 U.S.C. 922(g), sets forth the elements of the offense and clearly apprises the defendant of the charge that he must defend against." The magistrate judge agreed with the government and concluded: "Here, the indictment tracks the language of 18 U.S.C. 922(g), sets forth the elements of the offense. This is sufficient." The government's response and the magistrate judge's Report and Recommendation (R&R) demonstrate that they viewed Qazi's motion as objecting that the indictment failed to allege all the elements of the crime charged.

The government now characterizes Qazi's objections more narrowly on appeal based on Qazi's objections to the R&R—not his original motion challenging the indictment. Qazi argued the R&R was wrong for several reasons. First, he contended his indictment should be dismissed because it failed to describe how he "knowingly possessed a firearm" and failed to explain how he "possessed in or affected commerce." He argued the indictment needed to be more "precise and specific regarding these two issues" and that these "fatal flaws show how the indictment does not have clarity and *is not consistent with the statute itself*." He also reiterated that the indictment was vague and concluded: "Therefore the indictment is deficient and defective for it's [sic] failure to correclty [sic] recite an essential element of the charged offense." The district court accepted the R&R in

full, overruled Qazi's objections, and denied his motion to dismiss.

Qazi was convicted following a jury trial in August 2018. Nearly a year later, while Qazi's appeal was pending, the Supreme Court recognized for the first time that the defendant's knowledge of his felon status is a required element under Section 922(g). *See Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). Qazi's indictment did not contain this element.

## II. The *Du Bo* rule

If a defendant properly challenges an indictment before trial and, on de novo appellate review, we determine the indictment omitted an essential element, *Du Bo* requires automatic dismissal regardless of whether the omission prejudiced the defendant. 186 F.3d at 1179. Although *Du Bo*'s automatic-dismissal rule conflicts with the harmless-error standard adopted by several other circuits, it remains the law in this circuit. *See United States v. Omer*, 429 F.3d 835 (9th Cir. 2005) (Graber, J., dissenting from denial of rehearing en banc).[1] Indeed, following this rule, we have

---

[1] The Supreme Court granted certiorari in *United States v. Resendiz-Ponce*, 549 U.S. 102 (2007), to resolve this split but decided the case on other grounds. In dissent, Justice Scalia noted that he would have agreed with the Ninth Circuit and held that an indictment lacking an essential element is structural error. *See id.* at 116–17 (Scalia, J., dissenting). The circuits that disagree with our view have held that *Neder v. United States*, 527 U.S. 1 (1999); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and *United States v. Cotton*, 535 U.S. 625 (2002), undermine the rationale for automatic dismissal. *See, e.g.*, *United States v. Robinson*, 367 F.3d 278, 283–86 (5th Cir. 2004). We have limited *Du Bo*'s reach after *Cotton*. *See, e.g. United States v. Salazar-Lopez*, 506 F.3d 748, 752 (9th Cir. 2007). For example, we apply harmless-error review when an indictment omits an *Apprendi*-element even when it was timely

dismissed an indictment and reversed the district court even when the missing element was proven beyond a reasonable doubt at trial. *See, e.g.*, *United States v. Carbajal*, 42 F. App'x 954, 956 (9th Cir. 2002) (Silverman, J., concurring).

Whether an indictment challenge triggers *Du Bo*'s de novo review depends, in large part, on timing. *See United States v. Salazar-Lopez*, 506 F.3d 748, 752–53 (9th Cir. 2007) (noting we "continue[] to apply . . . *Du Bo* to dismiss indictments in the face of *timely* challenges" (emphasis added)); *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004) (explaining that de novo review is proper when the defendant had unsuccessfully filed a *pre-trial* motion to dismiss the indictment); *United States v. Leos-Maldonado*, 302 F.3d 1061, 1064 (9th Cir. 2002) (same); *United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2005) (per curiam) (same). Pre-trial indictment challenges are reviewed de novo and post-trial challenges are reviewed for plain error. *See, e.g.*, *Salazar-Lopez*, 506 F.3d at 753; *Rodriguez*, 360 F.3d at 958; *Leos-Maldonado*, 302 F.3d at 1064; *Omer*, 395 F.3d at 1088.

Beyond timing, our cases do not explain what constitutes a "proper challenge" under *Du Bo*. No doubt, some specificity is required to facilitate our review. *United States v. Santiago*, 466 F.3d 801, 803 (9th Cir. 2006). Here, the question of specificity is informed by the requirement that we construe pro se pleadings liberally.

---

challenged. *See id.*; *see also United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016).

### III. Duty to construe pro se pleadings liberally

It is an entrenched principle that pro se filings "'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995). We are specifically directed to "construe pro se pleadings liberally."[2] *Hamilton*, 67 F.3d at 764. This duty applies equally to pro se motions and with special force to filings from pro se inmates. *See, e.g.*, *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010); *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).

In *Zichko*, we explained what liberal construction demands in a situation like Qazi's. There, we considered a pro se habeas petition where the defendant made a broad ineffective-assistance-of-counsel argument to the district court and then specified on appeal that his counsel was ineffective because counsel had failed to file an appeal. 247 F.3d at 1020–21. The government argued we could not consider Zichko's more focused appellate argument because he did not raise it before the district court. *Id.* at 1020. We agreed that Zichko did not "specifically identify" the failure-to-appeal theory in the district court, but, citing our duty to construe pro se motions liberally, we held that the general statements in his motion to the district court sufficed to raise the issue. *Id.* at 1020–21. We explained: "The district court could have looked to the entire petition to see if the

---

[2] Although the Supreme Court has described our duty regarding pro se pleadings as "settled law," it has not clearly articulated its purpose. *See generally* Rory K. Schneider, *Illiberal Construction of Pro Se Pleadings*, 159 U. Pa. L. Rev. 585, 604 (2011). But whatever its purpose, it has deep roots. *See, e.g.*, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc) (affording pro se litigant "the benefit of any doubt").

ineffective assistance of counsel claim had any merit; had it done so, the court would have found the allegation that [counsel] failed to appeal." *Id.* at 1021.

## IV. Qazi's challenge

Qazi's pre-trial indictment challenge was timely. The only question is whether it was specific enough to trigger *Du Bo*. We conclude it was.

Qazi challenged his indictment for "fail[ing] to allege all the elements of a Federal Crime." While his supporting memorandum was not a model of clarity, as most pro se pleadings aren't, Qazi specifically argued his indictment was deficient because it "failed to include a necessary element of the offense at issue." *Du Bo*, 186 F.3d at 1181. Federal Rule of Criminal Procedure 12(b)(3)(B) details five reasons why an indictment may be defective. "[F]ailure to state an offense," the reason cited by Qazi in his motion, is but one of them. Fed. R. Crim. P. 12(b)(3)(B)(v). Thus, Qazi did not challenge his indictment at the highest level of generality, he identified a specific reason for deficiency that is provided in the Federal Rules themselves. But that is not all—his motion and memorandum further assert the indictment failed to state an offense *because it omitted an essential element*—one of at least two reasons why an indictment may fail to state an offense. *See* 5 Wayne R. LaFave, Jerold H. Israel, Nancy J. King & Orin S. Kerr, Crim. Proc. § 19.3(a)–(b) (4th ed.). Considering our liberal-construction mandate, Qazi's motion and his attached memorandum satisfy *Du Bo*, even if he did not "specifically identify" the element he believed was missing. *See Zichko*, 247 F.3d at 1020. Had Qazi moved to dismiss without relying on a reason from 12(b)(3)(B), perhaps that would not trigger *Du Bo*. Had Qazi only claimed that his indictment failed to state an offense, without further arguing an essential element was missing, maybe that

too would not trigger *Du Bo*. But where he identified the specific legal theory for why his indictment was deficient—it was missing a required element—he did enough, as a pro-se defendant, to trigger *Du Bo*.

Indeed, the purpose of requiring litigants to raise specific errors to the district court in the first instance is to give the opposing party an opportunity to respond and the district court an opportunity to correct the error. *See Santiago*, 466 F.3d at 803. That purpose was served here. Although the government did not know which element Qazi believed was missing, it knew it was one of only a few elements required under Section 922(g)(1), (9). And in response to Qazi's motion, the government affirmatively asserted that all elements were present, indicating it had sufficient opportunity to address Qazi's objection. Moreover, the district court apparently viewed Qazi's motion as an objection that the indictment omitted an essential element. Thus, it had the opportunity to—and did—consider whether *all* required elements were present when it concluded: "the indictment tracks the language of 18 U.S.C. 922(g), sets forth the elements of the offense. This is sufficient."

After *Rehaif*, we know this conclusion was wrong. 139 S. Ct. at 2200. Qazi's indictment neither "track[ed] the language of 18 U.S.C. 922(g)" nor "set[] forth the elements of the offense," because it did not allege that he had knowledge of his felon status. That the district court had little reason before *Rehaif* (aside from the plain text of Sections 922 and 924) to recognize that omitting Qazi's knowledge of his felon status from the indictment was a material error is irrelevant.[3] The fact remains that Qazi did

---

[3] When the Supreme Court interprets a criminal statute in a way that narrows the scope of criminal conduct, we view the statute as always

enough to give the government a chance to respond to his deficiency theory and to give the district court the opportunity to correct the error in the first instance.

At first glance, our conclusion that Qazi's pro se challenge triggers *Du Bo* may seem to place Qazi in a better position than he would have been in had he been represented by counsel. But how could we ever know? We cannot say what arguments an attorney would have raised or how specific they would have been. And, in any event, this is beside the point. Qazi was not represented by an attorney and, therefore, we have a duty to construe his motion liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). And, of course, our duty is not confined to circumstances where a liberal construction makes no difference to the outcome. *See, e.g.*, *Jackson v. Barnes*, 749 F.3d 755, 763–64, 767 (9th Cir. 2014).

Having concluded that Qazi's pre-trial indictment challenge triggers *Du Bo*, applying that rule here is straightforward. On de novo review, Qazi's indictment "fails to recite an essential element of the charged offense." *Omer*, 395 F.3d at 1088. This "is a fatal flaw requiring dismissal of the indictment." *Id.* at 1089.

\* \* \*

This case is simple. When Qazi insisted his indictment "fail[ed] to allege all the elements of a Federal Crime," he was right. When the district court concluded "the indictment

---

having meant what the Supreme Court now says it does. *See, e.g.*, *United States v. McClelland*, 941 F.2d 999, 1001 (9th Cir. 1991). To do otherwise would violate the principle that it is Congress, not the courts, who criminalizes conduct. *Bousley v. United States*, 523 U.S. 614, 620–21 (1998).

tracks the language of 18 U.S.C. 922(g), [and] sets forth the elements of the offense," it was wrong. Liberally construed, Qazi's objection to the indictment was sufficient to trigger *Du Bo*'s dismissal rule.

**REVERSED and REMANDED with instructions to dismiss the indictment**.[4]

---

[4] As *Du Bo* requires dismissal of the defective indictment, we need not reach the other issues raised on appeal. *United States v. Pernillo-Fuentes*, 252 F.3d 1030, 1032 n.1 (9th Cir. 2001). We note, however, that Qazi presented a strong argument the district court erred in failing to hold an evidentiary hearing on his motion to suppress.